IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 82 GLENWOOD AVE LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIV. A. NO. 3:23-cv-2231-S |
| NOLAN SCHUTZE, BHL CAPITAL § | |
| LLC, DAVID KANE, EVAN LIPP, and § | |
| KANE TITLE LLC, § | |
| § | |
| Defendants. § | |

**DEFENDANTS DAVID KANE'S AND KANE TITLE LLC'S FIRST AMENDED
MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants David Kane ("Kane") and Kane Title LLC ("Kane Title") move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims of Plaintiff 82 Glenwood Ave LLC's ("Glenwood") Second Amended Complaint ("Amended Complaint") [Dkt. 19].

**I. INTRODUCTION**

The claims against Kane and Kane Title should be dismissed because they fall far short of the threshold pleading requirement set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Glenwood makes multiple allegations against Nolan Schutze and his company BHL Capital LLC ("BHL") centered on Schutze's alleged fraudulent and deceptive material misrepresentations that "***tricked*** Plaintiff into wiring $3,000,000.00 to the Kane Defendants" to consummate a real estate transaction.[1]  For these alleged acts, Glenwood has sued Schutze and

---

[1] Second Amended Complaint [Dkt. 19], ¶¶ 84, 89 (emphasis added).

BHL for breach of contract/implied contract, common law fraud, statutory fraud, and deceptive trade practices.[2]

The four claims against Kane and Kane Title—a title company and its owner—are quite different. Glenwood does not assert that Kane or Kane Title were involved in Schutze's alleged fraud. Just the opposite—Glenwood alleges that Kane and Kane Title were, like Glenwood, ***victims*** of Schutze's fraud. The Amended Complaint alleges that Schutze "contacted [] the Kane Defendants to tell them that the [deal], which Schutze knew never existed, was dead" and "***tricked*** the Kane Defendants into releasing Plaintiff's funds to Schutze."[3] Nonetheless, Glenwood asserts that Kane and Kane Title somehow failed to keep a promise or breached an alleged contract that does not exist and that is not signed, or agreed to, by Kane and/or Kane Title, Glenwood, or Schutze, but was purportedly created via emails between Schutze and a Kane Title escrow officer named Evan Lipp. On that same alleged basis, Glenwood claims Kane and Kane Title also breached fiduciary duties owed to Glenwood, were negligent, and are also responsible for Plaintiff's damages via a claim based on promissory estoppel.[4]

In its failed effort to allege these four[5] claims against Kane and Kane Title, Glenwood makes multiple collective pleading references to the "Kane Defendants,"[6] which do not satisfy the federal pleading standard. In fact, Glenwood does not make a single factual allegation specific to

---

[2] *Id.*, ¶¶ 79-95.
[3] *Id.*, ¶ 94 (c) and (d)(emphasis added).
[4] *Id.*, ¶¶ 45-78.
[5] Plaintiff's Count 7 (*Id.*, ¶¶ 87-91) "Statutory Fraud" states in its caption that it is alleged "(Against All Defendants)" but makes no allegations in Count 7 or anywhere else in its Amended Complaint that Kane or Kane Title committed fraud against Plaintiff. Therefore, it is assumed that Count 7's caption indicating that its claim for fraud is also against Kane and Kane Title is a typographical error.
[6] "Kane Defendants" include "David Kane and Evan Lipp and Kane Title LLC." Second Amended Complaint [Dkt. 19, ¶ 18.

Kane, yet Glenwood included him as an individual defendant. Beyond these procedural deficiencies, all of Glenwood's claims against Kane and Kane Title also fail as a matter of law:

- **Glenwood's breach of contract claims (Count 1) fail because no contract exists.** Glenwood has not pled that a written escrow agreement exists between Glenwood and Kane or Kane Title for the simple reason that no such contract exists. And the emails between Schutze and Lipp that Glenwood relies on do not create a contract between Kane, Kane Title, and Glenwood.

- **Glenwood's breach of fiduciary duties claims (Count 2) fail because there is no fiduciary relationship between Kane or Kane Title as a purported escrow agent to Glenwood.** And because Glenwood does not plead facts sufficient to show that it had a relationship of trust and confidence with Kane or Kane Title prior to the business relationship, there is also no informal fiduciary relationship at issue.

- **Glenwood's negligence claims (Count 3) fail because neither Kane nor Kane Title owed any duty of care to Glenwood.** Neither Kane nor Kane Title owed a duty to Glenwood because there is no escrow agreement between them, and because Glenwood was neither the buyer nor the seller in the underlying real estate transaction. Instead, Glenwood provided earnest money to the buyer under an alleged ancillary agreement to which neither Kane nor Kane Title was a party, and which does not impose any duties or obligations on Kane or Kane Title.

- **Glenwood's promissory estoppel claim (Count 4) fails because neither Kane nor Kane Title made a promise to Glenwood**. Neither Kane nor Kane Title made a promise of any kind to Glenwood. Kane Title's escrow officer, Evan Lipp, described in emails the circumstances under which the buyer – BHL Capital, LLC's – escrowed funds would be released; not to what specific account number the money would be wired or at whose direction. Neither Kane nor Kane Title promised Plaintiff that Evan Lipp would not or could not be duped or tricked by Schutze.

Accepted as true for the purpose of this Motion, the allegations against Kane and Kane Title fail to state a claim pursuant to Rule 12(b)(6) and thus Glenwood's Counts 1-4 against Kane and Kane Title should be dismissed.

## II. FACTUAL BACKGROUND

According to Glenwood, BHL entered into an agreement with WC 6th & Rio Grande LP to purchase property in Austin, Texas ("Subject Property").[7] Glenwood was not a party to the

---

[7] Second Amended Complaint [Dkt. 19], ¶¶ 6-8, 19.

agreement.[8]  Nor was Kane nor Kane Title.[9]  Instead, Glenwood was a party to an operating agreement for 601 Rio LLC, in partnership with BHL.[10]  According to Glenwood, as part of that operating agreement with BHL, Glenwood agreed to provide $3,000,000 in earnest money to finance the downpayment for the purchase of the Subject Property.[11]  Neither Kane nor Kane Title were parties to that agreement either.[12]

Nonetheless, according to the Amended Complaint, on February 13, 2023, Schutze, owner of BHL, emailed Lipp, an escrow officer at Kane Title, regarding the potential purchase of the Subject Property.[13]  The next day, Schutze sent Lipp a Texas Association of Realtors form property purchase agreement for the Subject Property and asked Lipp for his opinion on a provision regarding the release of a $3,000,000 downpayment.[14]  Lipp responded that he agreed with Schutze's interpretation of the provision that the downpayment "would be released once the feasibility period ends or if the contract were to cancel."[15]  Kane did not send or receive any of the emails cited in the Amended Complaint, and Glenwood makes no allegations that Kane knew of or was otherwise involved in the discussions between Glenwood, Lipp, and Schutze.[16]

Glenwood asserts that it then wired $3,000,000 to Lipp "in reasonable reliance based on the assurances contained in these emails."[17]  But these emails contain no "assurances."[18]  As Lipp explained to Schutze and his partners at Glenwood, "The job or purpose of an escrow agent is to

---

[8] *Id.*, ¶¶ 6-8, 19.
[9] *Id.*
[10] *Id.*, ¶¶ 23-24.
[11] *Id.*, ¶ 25.
[12] *Id.*
[13] *Id.*, ¶ 26.
[14] *Id.*, ¶¶ 28-29.
[15] *Id.*, ¶ 31.
[16] *Id.*, ¶¶ 26-31.
[17] *Id.*, ¶ 33.
[18] *Id.*, ¶¶ 26-31.

4

act as a neutral third party and not interpret the contract, but rather to follow the instructions of the contract."[19] But, even according to Glenwood's allegations, neither Kane nor Kane Title were parties to any contract or even knew that any contract existed.[20]

After receiving an email from Schutze that the real estate purchase fell through, Schutze instructed Lipp to return the funds to an account number provided by Schutze, which Lipp purportedly did.[21] When Glenwood later requested the funds be returned to it, Glenwood was informed that the funds were earlier wired to its business partner BHL and its owner, Schutze.[22] Because Glenwood was unable to obtain the funds from BHL and Schutze voluntarily, it filed a lawsuit in the U.S. District Court for the Southern District of New York.[23] According to the Amended Complaint, Glenwood purportedly "resolved its claim with Schutze and BHL by way of settlement agreement, but Schutze and BHL have since breached that agreement as well."[24] Glenwood subsequently dismissed the New York lawsuit and filed this one.

### III. ARGUMENT

#### A. Pleading Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In ruling on a motion to dismiss, the court accepts as true a complaint's factual allegations, but "should identify and disregard conclusory allegations, for they are 'not entitled to the assumption of truth.'" *Sec.*

---

[19] *Id.*, ¶ 31.
[20] *Id.*, ¶¶ 26-31.
[21] *Id.*, ¶¶ 34-35.
[22] *Id.*, ¶ 41.
[23] *Id.*, ¶ 40.
[24] *Id.*, ¶¶ 42-44.

*& Exch. Comm'n v. Mapp*, 4:16-CV-246, 2016 WL 5870576, at *3 (E.D. Tex. Oct. 7, 2016) (quoting *Iqbal*, 556 U.S. at 679).

### A. Glenwood's Claims Against Kane Should be Dismissed Because the Amended Complaint Fails to Plead Any Facts Whatsoever Related to Kane.

As an initial matter, Glenwood's claims against Kane must be dismissed because Glenwood does not allege any facts of any kind related to Kane. The Amended Complaint is completely devoid of any factual allegations or related misconduct by Kane. Glenwood does not reference a single communication or act involving Kane, and Kane is not a listed recipient or sender of any of the emails referenced in the Amended Complaint.[25] Instead, the Amended Complaint merely attempts to implicate Kane because he purportedly "owned, operated, and managed" Kane Title.[26] This falls far short of the requirement that the complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)).

Rather than parse out any specific improper acts by Kane (there are none), the Amended Complaint describes actions taken by Lipp and then alleges that the "Kane Defendants" engaged in certain misconduct.[27] Reference by a plaintiff to defendants collectively in a complaint fails to satisfy the pleading standards of Rule 8(a). *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *see also Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) ("When the plaintiff's complaint uses blanket terms covering all the defendants, by lumping them together . . ., these allegations are properly disregarded[.]"); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the

---

[25] Second Amended Complaint [Dkt. 19], ¶¶ 26-31.
[26] *Id.*, ¶ 13.
[27] *Id.,* ¶ 35.

6

requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 471 (N.D. Tex. 2012) ("It is impermissible to make general allegations that lump all defendants together; rather, the complaint must segregate the alleged wrongdoing of one from another.").

Because the Amended Complaint fails to plead any facts or allegations related to Kane, the claims against Kane should be dismissed. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555.

### B. Glenwood's Breach of Contract/Implied Contract (Count 1) and Promissory Estoppel (Count 4) Allegations are Legally Insufficient as a Matter of Fact and Law.

Glenwood's breach of contract/implied contract claims fail because there is no contractual relationship between Glenwood and Kane or Kane Title. No escrow agreement ever existed, and the Amended Complaint does not allege there was one (or any other form of written agreement).

To avoid dismissal of its contract claims, Glenwood must plead each of the following elements: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). To prove the first element (that a valid contract exists), Glenwood must plead facts sufficient to establish that "(1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding." *Id*. Glenwood has not done so because it cannot do so.

It is undisputed that no written escrow agreement exists between Glenwood and Kane or Kane Title. This alone is fatal to Glenwood's breach of contract claim. *See JTREO, Inc. v.*

7

*Hightower & Associates, Inc.*, No. 03-19-00255-CV, 2020 WL 3468148, at *2 (Tex. App.—Austin June 18, 2020, pet. denied) (holding that a party was "not properly appointed escrow agent as a matter of law" where "there was no written escrow agreement"); *see also Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 287 (Tex. App.—El Paso 2007, pet. denied) ("An escrow agent must be appointed through a specific legal document that imparts a specific legal obligation").

Because no written escrow agreement exists, Glenwood asserts that an "implied contract" was created through emails exchanged between Glenwood, Schutze, and Lipp.[28] While an implied contract may arise from the acts and conduct of the parties, there still must be a meeting of the minds. *JTREO*, 2020 WL 3468148, at *4. Here, the Amended Complaint makes the conclusory allegation that "[t]here existed a meeting of minds, proven by the herein copied emails, documenting under what terms the plaintiff would wire funds to the Kane defendants [sic]," and "[t]hat meeting of minds constituted an agreement among the parties that Plaintiff would wire the funds to the Kane Defendants, who would hold the funds and eventually return them to Plaintiff – not to Schutze or BHL."[29] But Glenwood pleads no facts to support any alleged meeting of the minds, and the emails included in the Amended Complaint do not reference—let alone cement— any terms for receiving, holding, or returning any of the disputed funds.[30] And there is no allegation of ***any*** communication between Glenwood and Kane, much less that Kane sent, received, or even knew about the emails referenced in the Amended Complaint.

At best, accepting all of Glenwood's allegations as true, the only meeting of the minds could have been between Lipp and Glenwood (not Kane or Kane Title) that any downpayment

---

[28] Amended Complaint [Dkt. 19], ¶¶ 45, 49-51.
[29] Amended Complaint [Dkt. 19], ¶¶ 45, 46.
[30] *See generally id.*, ¶¶ 26-31.

"would be released once the feasibility period ends *or if the contract were to cancel*."[31] Neither Kane nor Kane Title played any role whatsoever with that alleged contract, and Glenwood does not allege otherwise.[32] The factual allegations as pleaded only show a potential understanding between parties other than Kane or Kane Title that the funds would be released if the contract were to cancel, which ostensibly did occur. There are no allegations that the parties understood or agreed to any contractual relationship or terms—let alone the specificities surrounding a potential return of funds.

In sum, Glenwood has failed to plead facts sufficient to support an inference that a valid contract exists between Glenwood, on the one hand, and Kane and/or Kane Title, on the other hand. Glenwood has failed to do so, because it admittedly cannot do so, because no such contract exists. Accordingly, the Court should dismiss Glenwood's claims for breach of contract/implied contract against Kane and Kane Title.

Similarly, Glenwood's claim against Kane and Kane Title based on promissory estoppel fail as a matter of law because neither Kane nor Kane Title made any promise to Glenwood. To avoid dismissal of a claim for damages based on promissory estoppel, a party must plead facts that if taken as true show (1) a promise, (2) foreseeability by the promisor of reliance on the promise, and (3) substantial reliance by the promisee to his detriment. *Walker v. Walker*, 631 S.W.3d 259, 264 (Tex. App. 2020).

Again, Glenwood does not and cannot plead that Kane or Kane Title made a promise to Glenwood. By Plaintiff's own allegations, Kane never had a single communication with Glenwood and was not even copied on Glenwood's communications with Lipp. Glenwood pleads that Evan

---

[31] *Id.*, ¶ 31 (emphasis added).
[32] *Id.*, ¶¶ 26-31

Lipp gave Glenwood assurances concerning the future use and potential release of the $3M in escrow, and that those assurances somehow became an enforceable promise, not only against Evan Lipp but also against Kane Title and David Kane individually.[33] The statements made by Lipp in the emails set out in Plaintiff's Second Amended Complaint are not promises; they are Lipp's opinion in response to Schutze and Evan Mizrahi's questions about Lipp's interpretation of one of the proposed sale contracts as it related to how the escrowed funds would be applied or released.

Lipp makes no promises in his emails with Plaintiff. Lipp simply agrees with Schutze's and Plaintiff's interpretation of a proposed contract provision – a contract Kane and Kane Title were not parties to, expressed no opinion about, and made no promises concerning. <u>Kane was not even copied on the emails</u>.

Nowhere in Plaintiff's allegations does Plaintiff allege facts showing that Defendant Lipp made any promise to Plaintiff, much less that Kane or Kane Tile did so. As a result, Glenwood's claim against Kane and Kane Title for promissory estoppel must be dismissed.

**C.    Glenwood's Breach of Fiduciary Duty (Count 2) and Negligence (Count 3) Allegations are Legally Insufficient as a Matter of Fact and Law.**

Glenwood's breach of fiduciary duty and negligence claims fail for many of the same reasons as its contract claims. No escrow agreement exists that creates or defines any purportedly owed duties;[34] nor has Glenwood adequately alleged that Kane or Kane Title owed any duties as a result of a formal or informal fiduciary relationship with Glenwood.[35]

Under Texas law, the appointment of an escrow agent requires a written contract or, at the very least, a clear and definite agreement defining the scope of the escrow agent's duties. *See*

---

[33] Id., ¶¶ 31-33.
[34] *See generally* Amended Complaint [Dkt. 19], ¶¶ 26-31.
[35] *See generally id.*, ¶¶ 56-76.

*Trahan*, 247 S.W.3d at 287 ("an escrow agent's [fiduciary] duties are strictly limited and the scope of the agent's duties are defined by the escrow agreement"). Because Glenwood had no written agreement with Kane or Kane Title, neither Kane nor Kane Title owed any fiduciary or other duties to Glenwood, as a matter of law. *See Chapman Children's Tr. v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 438 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("Absent a written agreement which appointed [defendant] as an escrow agent, [defendant] had no duty to act as one."); *see also JTREO*, 2020 WL 3468148, at *2 ("Because [defendant] was not a duly appointed escrow agent, it did not owe [plaintiff] any fiduciary duties as an escrow agent").

Because there is indisputably no formal fiduciary relationship, Glenwood asserts that an "informal fiduciary relationship" was created because the "Kane Defendants through their emails and assurances, acquired and subsequently abused and betrayed, the trust of Plaintiff."[36] But this conclusory allegation also fails under Rule 8. *See Iqbal*, 556 U.S. at 678 (although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The allegation is also contrary to Glenwood's pleaded facts as the Amended Complaint fails to provide a single instance of Kane, Kane Title, or anyone else providing any "emails or assurances" to Glenwood at any time.[37]

Further, Glenwood fails to plead that it had a relationship with Kane or Kane Title prior to the real estate transaction, a prerequisite to establishing an informal fiduciary duty. *See Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006) (holding that an informal fiduciary relationship in a business transaction requires that "the relationship must exist prior to, and apart from the agreement made the basis of the suit") (internal quotation omitted); *Meyer v. Cathey*, 167 S.W.3d

---

[36] Amended Complaint [Dkt. 19], ¶ 58.
[37] *See* Amended Complaint [Dkt. 19], ¶¶ 26-38.

11

327, 331 (Tex. 2005) ("To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.") (quoting *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998)).

Even if Kane or Kane Title owed a duty as an escrow agent (and they did not), the duties would only be owed to the buyer or the seller in the underlying real estate contract. Glenwood was neither the buyer nor the seller in the underlying real estate transaction. Instead, Glenwood allegedly had an ancillary agreement with BHL to provide earnest money for the real estate transaction that was independent of the contract between the buyer and seller. This ancillary agreement could not and did not create any duties owed from Kane or Kane Title to Glenwood. *See Rove v. First Am. Title Ins. Co.*, No. 05-96-01783-CV, 1998 WL 696880, at *4 (Tex. App.—Dallas Oct. 8, 1998, no pet.) (finding no fiduciary duties owed to an entity that was a party to an ancillary agreement with the buyer of an apartment complex to provide the earnest money); *see also Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 873 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (no duty owed to party that deposited funds in an escrow account where that party was not a party or third-party beneficiary of the escrow agreement).

In short, Glenwood has failed to plead facts sufficient to support an inference that Kane or Kane Title owed any duty to Glenwood. Accordingly, the Court should dismiss Glenwood's claims for breach of fiduciary duty and negligence.

## IV. CONCLUSION

For at least the foregoing reasons, Kane and Kane Title request that the Court dismiss Glenwood's claims against Kane and Kane Title for breach of contract/implied contract, breach of fiduciary duty, negligence and promissory estoppel (Counts 1-4).[38]

Dated: May 10, 2024

Respectfully submitted,

/s/ Melissa A. Miles
MELISSA A. MILES
State Bar No. 90001277
Email: mmiles@fflawoffice.com

**FRIEDMAN & FEIGER, LLP**
17304 Preston Road, Stuite 300
Dallas, Texas 75252
Tel: (972) 788-1400
Fax: (972) 788-2667
**ATTORNEY FOR DEFENDANTS DAVID KANE & KANE TITLE, LLC**

**and**

---

[38] Glenwood's statutory fraud claims (Count 7) assert that they are "Against All Defendants." The allegations are that the "Schutze Defendants tricked Plaintiff into wiring $3,000,000.00 to the Kane Defendants" and that the "Schutze Defendants made such misrepresentations with the intent that the plaintiff act on it, and the plaintiff did in fact rely on it when wiring $3,000,000.00 to the Kane Defendants." Amended Complaint [Dkt. 19], ¶¶ 81-83. The allegations track Glenwood's other fraud claims against Schutze and BHL that are not asserted against Kane and Kane Title. To the extent Glenwood asserts that Count 7 is against Kane or Kane Title, Count 7 fails to satisfy the threshold pleading requirement and should be dismissed.

**MAYER BROWN LLP**

*/s/ Brandon F. Renken*
Brandon F. Renken
TX State Bar No.: 24056197
James B. Danford, Jr
TX State Bar No.: 24105775
Danielle M. Charron
TX State Bar No.: 24109713
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Tel.: (713) 238-2700
brenken@mayerbrown.com
jdanford@mayerbrown.com
dcharron@mayerbrown.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 10, 2024, all counsel of record are being served with a copy of this document via the Court's electronic filing system.

*/s/ Melissa A. Miles*