**United States District Court**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| 82 GLENWOOD AVE. LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-CV-2231-S |
| § | |
| DAVID KANE, EVAN LIPP, and § | |
| KANE TITLE LLC, § | |
| § | |
| *Defendants.* § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**DAVID KANE AND KANE TITLE LLC'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

I.  INTRODUCTION ............................................................................................................... 1

II. STATEMENT OF ISSUES ................................................................................................. 1

III. STANDARD OF REVIEW ................................................................................................. 1

IV. FACTUAL BACKGROUND .............................................................................................. 2

V.  ARGUMENT ....................................................................................................................... 3

    A. Involvement of Defendant Kane ..................................................................................... 3

    B. Breach of Contract/Implied Contract (Count 1) and Promissory Estoppel (Count 4) .......... 4

    C. Fiduciary Duty (Count 2) and Negligence (Count 3) ..................................................... 7

    D. Statutory Fraud ............................................................................................................... 9

VI. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Alexander O&G, LLC v. Nomad Land & Energy Res., LLC*, No. H-16-2965, 2017 U.S. Dist. LEXIS 130415, at *9 (S.D. Tex. Aug. 16, 2017) .................................................................. 5, 8

*Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018) ................................................................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................ 3

*Awad Tex. Enters. Inc. v. Homart Dev. Co.,* 589 S.W.2d 817, 819-20 (Tex. App.—Dallas 1979, no writ) ................................................................................................................................ 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........ 3

*Bell v. Safeco Title Ins. Co.*, 830 S.W.2d 157, 160-61 (Tex.App.--Dallas 1992, writ denied) ..... 7

*Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 438 (Tex.App.--Houston [14th Dist.] 2000, pet. denied) ................................................................................... 7

*Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) ................................................................... 2

*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ................................... 1

*Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) .................................................................... 1

*Fort Worth v. Pippen*, 439 S.W.2d 660 (Tex. 1969) ..................................................................... 7

*Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 569 (Tex. App.—Dallas 1989, no writ) ...... 4

*Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997) ..................................................... 1

*Hoffman v. L & MArts*, 838 F.3d 568, 576 (5th Cir. 2016) .......................................................... 9

*Johns Law Firm, LLC v. Pawlik*, No. 4:22-cv-01877, 2023 U.S. Dist. LEXIS 126409, at *12 (S.D. Tex. June 12, 2023) ................................................................................................ 8

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ................................................ 4

*Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 482 (5th Cir. 2013) ......................................... 9

*Muhammad v. Dallas Cty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) ................................................................................................................................................ 4

*Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) ................................. 1, 2

*Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ...... 4

*Prime Income Asset Mgmt., Inc. v. One Dallas Ctr. Assocs. L.P.*, No. 3:07-cv-1731-B, 2018 U.S. Dist. LEXIS 135787, 2009 WL 10678644, at *5 (N.D. Tex. Feb. 18, 2009) .................... 9

*Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) ..................................................... 8

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) ............................ 2

*Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) ................................ 4

*Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 287 (Tex. App. 2007) ............. 8

*USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) .............................. 4

*Walker v. Walker*, 631 S.W.3d 259, 264 (Tex. App. 2020) .......................................................... 6

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 3

## I. INTRODUCTION

This is an action arising from Defendant David Kane ("Kane") and Kane Title LLC ("Kane Title") intentionally and willfully entering into a contract with the sole purpose of depriving Plaintiff of three million dollars ($3,000,000.00).

## II. STATEMENT OF ISSUES

1. Did Kane and Kane Title breach the contract? Yes.
2. Did Kane and Kane Title breach their fiduciary duties owed to Plaintiff? Yes.
3. Did Kane and Kane Title owe Plaintiff a duty of care? Yes.
4. Was Kane and Kane Title a knowing participant in the scheme to deprive Plaintiff of 3 Million US dollars? Yes.

## III. STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).

Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). "The plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194

(5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## IV. FACTUAL BACKGROUND

This action involves the attempted sale and purchase of a property located in Travis County, Texas located at 601 Rio Grande St, Austin, TX 78701 (the "Subject Property"). This purchase required multiple entities to be involved. The purchase price of the property was $20,000,000.00, with a required $3,000,000.00 earnest deposit to be deposited with Defendant Kane Title.

The scheme can be summarized succinctly: Defendants targeted Plaintiff and asked Plaintiff to put up funding to purchase a property. Defendants had no intention of ever using Plaintiff's money to purchase the property in which they described. Defendants Kane and Kane Title had an agreement with prior defendant Schutze and BHL, to which Defendant Lipp was a party, to deprive Plaintiff of the funds allocated for the purchase of the property. When Plaintiff deposited the funding into the escrow account with Defendant Kane and Kane Title, Plaintiff would never see those funds again. Funds that per the agreement were to be returned in the manner in which they were originally sent on the 46th day. Instead, upon the transfer of the funds by Plaintiff, Defendant Kane and Kane Title, by and through their agent Defendant Lipp, provided the $3,000,000.00 funds to prior defendants Schutze and BHL immediately after taking

2

their 2.5% cut of the deal. Defendants intentionally entered into the present contract for personal gain at the expense of Plaintiff.

What Defendants Kane and Kane Title didn't expect, was Plaintiff to uncover their entire scheme.

## V.  ARGUMENT

### A.  Involvement of Defendant Kane

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Defendant David Kane is the sole owner of Kane Title LLC. As such, Defendant Kane as a fiduciary duty owed on behalf of Kane Title.

Defendant Kane employed and instructed Defendant Lipp, under Defendant Kane Title LLC, as to the actions in which should be taken to obtain funding from Plaintiff and subsequently release the funds to another entity while retaining a portion of the funding for themselves. Defendant Kane, as the sole owner the Kane Title, LLC intended to confer and benefit upon himself through the execution, or failure to execute the contract with Plaintiff. As the sole owner of an LLC, Defendant Kane is liable for the actions of Kane Title.

A complaint that fails to state a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)). A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dallas Cty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).

There are adequate facts to support the finding that Defendant Kane, as the sole owner of Kane Title, was liable under the contract.

**B. Breach of Contract/Implied Contract (Count 1) and Promissory Estoppel (Count 4)**

To avoid dismissal of its contract claims, Glenwood must plead each of the following elements: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

A contract may be implied-in-fact if the facts and circumstances indicate that there is a mutual intent between the parties to contract. *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 569 (Tex. App.—Dallas 1989, no writ). The elements of an enforceable contract are the same for both express and implied contracts. *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Additionally, delivery of the contract is not required if the contract does not require it or if the parties show a contrary intent by their conduct. *Awad Tex.*

4

*Enters. Inc. v. Homart Dev. Co.,* 589 S.W.2d 817, 819-20 (Tex. App.—Dallas 1979, no writ); *Alexander O&G, LLC v. Nomad Land & Energy Res., LLC*, No. H-16-2965, 2017 U.S. Dist. LEXIS 130415, at *9 (S.D. Tex. Aug. 16, 2017).

Defendants Kane and Kane Title entered into a contact, of which Plaintiff' are parties for the express purpose of financial gain off of Plaintiff's deposit. When Plaintiff entered into the contract to provide the down payment, Defendants Kane and Kane Title had an agreement with the other Defendants that as soon as Plaintiffs funds cleared, the funds would be immediately sent to prior defendants Schutze and BHL with the sole intention of stealing the funding. Kane and Kane Title were a part of the scheme, in which they would take a percentage of the funding in exchange for acting as the escrow agent.

As Defendant Kane Title stated so clearly in their email dated February 13, 2023, Plaintiff was an equal partner to the contract with Schutze and BHL, making Plaintiff a party to the contract in relation to the subject property. While Schutze and BHL had prior dealings with Kane and Kane Title, the instant contract did in fact include Plaintiff.

Plaintiff was a party to the contract for escrow services to purchase the subject property. Plaintiff performed under the contract when they furnished $3,000,000.00 to Kane and Kane Title for the deposit as required. Plaintiff did not have further performance obligation under the contract. Defendant Kane and Kane Title were to return the funds to Plaintiff on the 46th day. Instead, Defendants provided the funding to prior defendants Schutze and BHL immediately after deliverance minus their agreed upon portion with prior defendants Schutze and BHL for being the middleman in their scheme. When Plaintiff sought out the return of the funds following the decided upon timeframe (46 days), Defendant Kane and Kane Title blatantly lied to Plaintiff stating that they would not be releasing the funding until they could determine who was entitled

to the released funds for Plaintiff. In fact, Defendant knew at the time of that statement that they had already provided the funding to a different entity without Plaintiff's consent and of which they maintained a portion of the funds for their own gain. Defendant breached the contract. As a result, Plaintiff suffered damages. To date, Plaintiff has not recovered the lost financial contribution as a result of Defendants unlawful acts.

Kane attempts to veil himself from liability in the matter by stating that he was not party to the email communications. This is flawed in two ways. First, Kane is the sole owner of the limited liability company of Kane Title and this is liable for the actions of the company. Second, an email address, unrelated to the other parties to the contract, was included on all emails. There is a question of fact as to whether that email address was set up for Kane to monitor the entirety of the transaction. As such, Defendant Kane cannot exclude his part in the scheme that occurred.

In addition, Defendants intend to say that there was no meeting of the minds in regard to the formation of the contract. This is just not the case. Defendants willfully entered into this contract with the intention of defrauding Plaintiff of their financial contributions. Defendant Kane and Kane Title had full knowledge of the role in which they would play in the interaction. Make no mistake, the actions taken were intentional, willful and deliberate. Defendants thought they would get away with stealing Plaintiff's money through their elaborate scheme.

To avoid dismissal of a claim for damages based on promissory estoppel, a party must plead facts that if taken as true show (1) a promise, (2) foreseeability by the promisor of reliance on the promise, and (3) substantial reliance by the promise to his detriment. *Walker v. Walker*, 631 S.W.3d 259, 264 (Tex. App. 2020).

Promissory estoppel is straightforward in this case. The parties entered into the aforementioned contract. As presented in the February 14, 2023, emails, Defendants stated that

the funding to be provided by Plaintiff would be returned after the 45-day period (to be returned on the 46th day). After clarification on the terms of the escrow agreement, Plaintiff provided Defendant Kane and Kane Title with the funding for the $3,000,000.00 deposit. There was a foreseeability that Plaintiff would rely on Defendant's promissory statement when determining whether to transfer the funding. Plaintiff did in fact rely on the statement of Defendants as evidenced by Plaintiff transferring the funding and following up on when the 45-day period had expired for the return of the funds. As a result of Plaintiff relying on Defendants' promise, Plaintiff suffered damages.

### C. Fiduciary Duty (Count 2) and Negligence (Count 3)

An escrow agent must be appointed through a specific legal document that imparts a specific legal obligation. *Bell v. Safeco Title Ins. Co.*, 830 S.W.2d 157, 160-61 (Tex.App.--Dallas 1992, writ denied). The escrow relationship is a stakeholder relationship that carries special duties, including those of a fiduciary nature. *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 438 (Tex.App.--Houston [14th Dist.] 2000, pet. denied). An escrow agent owes fiduciary duties to both the buyers and the sellers of the property, including the duty of loyalty, the duty to make full disclosure, and the duty to exercise a high degree of care to conserve the money placed in escrow and pay it only to those persons entitled to receive it. *Fort Worth v. Pippen*, 439 S.W.2d 660 (Tex. 1969).

The Defendants were required to exercise a high degree of care to conserve the money placed in escrow and pay it only to those persons entitled to receive it. Defendants breached that duty. Notably, the breach was intentional and premeditated.

Under Texas law, the appointment of an escrow agent requires a written contract or, at the very least, a clear and definite agreement defining the scope of the escrow agent's duties.

7

*Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 287 (Tex. App. 2007). The scope of the agreement between the Parties was definite and clear. Defendant Kane and Kane Title were to hold Plaintiffs funding until the 45-day period has elapsed, or the contract was terminated. If the contract was terminated the Defendants had a duty to pay the money only to those persons entitled to receive it. Defendants at no time sought out from Plaintiff information in regard to the return or transfer of the funding. Instead, they took it upon themselves to provide the funding to prior defendant Schutze and BHL while retaining a portion for themselves. Only then to deceive the Plaintiff about the location of their funding up on Plaintiff's inquiry. Defendants breached the fiduciary duty they owed to Plaintiff.

A party breaches their fiduciary duty when earnest money is returned to the wrong party. *Alexander O&G, LLC v. Nomad Land & Energy Res., LLC,* No. H-16-2965, 2017 U.S. Dist. LEXIS 130415, at *8 (S.D. Tex. Aug. 16, 2017). It is uncontested that Defendant Kane and Kane Title did not return the earnest money to Plaintiff. At the very least, it creates a question of fact to be presented to the jury as to whether Defendant breached their fiduciary duty owed to Plaintiff.

To recover for negligence, the plaintiff must sustain damages proximately caused by breach of a legal duty. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013); *Johns Law Firm, LLC v. Pawlik*, No. 4:22-cv-01877, 2023 U.S. Dist. LEXIS 126409, at *12 (S.D. Tex. June 12, 2023).

Plaintiff suffered damages in excess of $3,000,000.00 as a result of Defendants breach of their legal duty. As such, Plaintiff has provided a well-pled negligence claim against the Defendants.

### D. Statutory Fraud

Plaintiff brings forward statutory fraud claims against all Defendants, including Defendants Kane and Kane Title.

"Under Texas law, the elements of fraudulent inducement are: 'a misrepresentation; that defendant knew the representation was false and intended [to] induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that plaintiff's reliance led plaintiff to suffer an injury through entering into the contract.' *Hoffman v. L & MArts*, 838 F.3d 568, 576 (5th Cir. 2016). The elements for common law fraud are the same. *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). And "[t]he elements of statutory fraud ... are essentially identical to the elements of common law fraud except that section 27.01 does not require proof of knowledge or recklessness as a prerequisite to the recovery of actual damages." *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 482 (5th Cir. 2013). Fraud claims require Plaintiff to "prove justifiable reliance on the representations made by the defendant." *Prime Income Asset Mgmt., Inc. v. One Dallas Ctr. Assocs. L.P.*, No. 3:07-cv-1731-B, 2018 U.S. Dist. LEXIS 135787, 2009 WL 10678644, at *5 (N.D. Tex. Feb. 18, 2009).

Defendant Kane and Kane Title fraudulently induced Plaintiff into entering into the transaction in which Plaintiff provided $3,000,000.00 for the earnest deposit in which Plaintiff reasonably relied on Defendants assurances that the funds would be held until the 45-day period had expired. Defendant Kane and Kane Title knew at the inception that they would not be holding the $3,000,000.00 in earnest fees and would instead be obtaining them and immediately proving them to Schutze and BHL to deprive Plaintiff of their funds while maintaining a portion for their own gain.

9

Plaintiff had adequately laid out a statutory fraud claim against Defendants.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss in its entirety. Plaintiff has laid out ample and adequate facts in the Complaint to support Plaintiff's causes of action. Plaintiff requests this honorable court allow the preceding causes of action to move forward to discovery and set a trial date. Should this honorable Court deem Plaintiff's claims inadequate, Plaintiff requests leave to amend the Complaint.

Date: May 31, 2024                Respectfully Submitted,

/S/ Solomon M. Radner
Solomon M. Radner, Esq. (*pro hac vice*)
THE LAW OFFICE OF KEITH ALTMAN
33228 W. 12 Mile Road, Suite 375
Farmington Hills, MI 48334
T: (248) 987-8929
solomonradner@kaltmanlaw.com

/s/ Keana Taylor
Keana Taylor
Texas Bar No. 24042013
keanataylor@upshawpllc.com
(713) 299-6404

Craig Uhrich
Texas Bar No. 24033248
craig.uhrich@gmail.com
(785) 671-1237

UPSHAW PLLC
1001 Belleview St. #608
Dallas, TX 75215-1831

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 31, 2024, all counsel of record are being served with a copy of this document via the Court's electronic filing system.

*/s/ Solomon M. Radner*
