UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 82 GLENWOOD AVE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIV. A. NO. 3:23-cv-2231-S |
| NOLAN SCHUTZE, BHL CAPITAL | § | |
| LLC, DAVID KANE, EVAN LIPP, and | § | |
| KANE TITLE LLC, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT EVAN LIPP'S AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Evan Lipp ("Lipp") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims of Plaintiff 82 Glenwood Ave LLC's ("Glenwood") Second Amended Complaint ("Amended Complaint") [Dkt. 19].

## I.     INTRODUCTION

The claims against Lipp should be dismissed because they fall far short of the threshold pleading requirement set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). According to Plaintiff's own Amended Complaint, any and all actions taken by Lipp were done in his capacity as employee or escrow officer of Kane Title, LLC ("Kane Title") in the course and scope of his employment. At no time did Lipp act in his individual capacity. Therefore, there is no basis to sue Lipp individually, as Plaintiff has done.

Glenwood makes multiple allegations against Nolan Schutze and his company BHL Capital LLC ("BHL") centered on Schutze's alleged fraudulent and deceptive material misrepresentations that "***tricked*** Plaintiff into wiring $3,000,000.00 to the Kane Defendants" to

consummate a real estate transaction.[1] For these alleged acts, Glenwood has sued Schutze and BHL for breach of contract/implied contract, common law fraud, statutory fraud, and deceptive trade practices.[2]

The four claims against Lipp are quite different. Glenwood does not assert that Lipp was involved in Schutze's alleged fraud. Just the opposite—Glenwood alleges that Lipp was, like Glenwood, *victims* of Schutze's fraud. The Amended Complaint alleges that Schutze "contacted [] the Kane Defendants to tell them that the [deal], which Schutze knew never existed, was dead" and "*tricked* the Kane Defendants into releasing Plaintiff's funds to Schutze."[3] Nonetheless, Glenwood asserts that Lipp somehow failed to keep a promise or breached an alleged contract that does not exist and that is not signed, or agreed to, by Lipp, Kane and/or Kane Title, Glenwood, or Schutze, but was purportedly created via emails between Schutze and a Kane Title escrow officer named Evan Lipp. On that same alleged basis, Glenwood claims Lipp, Kane and Kane Title also breached fiduciary duties owed to Glenwood, were negligent, and are also responsible for Plaintiff's damages via a claim based on promissory estoppel.[4]

In its failed effort to allege these four[5] claims against Lipp, Glenwood makes multiple collective pleading references to the "Kane Defendants,"[6] which do not satisfy the federal pleading standard. In fact, Glenwood does not make a single factual allegation specific to Lipp, yet Glenwood included him as an individual defendant. Beyond these procedural deficiencies, all of

---

[1] Second Amended Complaint [Dkt 19], ¶¶ 84, 89 (emphasis added).
[2] *Id.,* ¶¶ 79-95.
[3] *Id.,* ¶ 94(c) and (d) (emphasis added).
[4] *Id.,* ¶¶ 45-78.
[5] Plaintiff's Count 7 (*Id.*, ¶¶ 87-91) "Statutory Fraud" states in its caption that it is alleged "(Against All Defendants)" but makes no allegations in Count 7 or anywhere else in its Amended Complaint that Kane or Kane Title committed fraud against Plaintiff. Therefore, it is assumed that Count 7's caption indicating that its claim for fraud is also against Kane and Kane Title is a typographical error.
[6] "Kane Defendants" include "David Kane and Evan Lipp and Kane Title LLC." Second Amended Complaint [Dkt. 19, ¶ 18.

Glenwood's claims against Lipp also fail as a matter of law:

- **<u>Glenwood's breach of contract claims (Count 1) fail because no contract exists.</u>** Glenwood has not pled that a written escrow agreement exists between Glenwood and Lipp or Kane or Kane Title for the simple reason that no such contract exists. And the emails between Schutze and Lipp that Glenwood relies on do not create a contract between Lipp, Kane, Kane Title, and Glenwood.

- **<u>Glenwood's breach of fiduciary duties claims (Count 2) fail because there is no fiduciary relationship between Kane or Kane Title as a purported escrow agent to Glenwood.</u>** And because Glenwood does not plead facts sufficient to show that it had a relationship of trust and confidence with Lipp prior to the business relationship, there is also no informal fiduciary relationship at issue.

- **<u>Glenwood's negligence claims (Count 3) fail because neither Kane nor Kane Title owed any duty of care to Glenwood.</u>** Lipp, individually, never owed a duty to Glenwood because there is no escrow agreement between them, and because Glenwood was neither the buyer nor the seller in the underlying real estate transaction. Instead, Glenwood provided earnest money to the buyer under an alleged ancillary agreement to which Lipp, individually, was not a party to and which does not impose any duties or obligations on Lipp.

- **<u>Glenwood's promissory estoppel claim (Count 4) fails because neither Kane nor Kane Title made a promise to Glenwood</u>**. Lipp never made a promise of any kind to Glenwood. Kane Title's escrow officer, Evan Lipp, described in emails the circumstances under which the buyer – BHL Capital, LLC's – escrowed funds would be released; not to what specific account number the money would be wired or at whose direction. Lipp never promised that Glenwood would not or could not be duped or tricked by Schutze.

Accepted as true for the purpose of this Motion, the allegations against Lipp fail to state a claim pursuant to Rule 12(b)(6) and thus Glenwood's Counts 1-4 against Lipp, individually, should be dismissed.

## II. FACTUAL BACKGROUND

According to Glenwood, BHL entered into an agreement with WC 6th & Rio Grande LP to purchase property in Austin, Texas ("Subject Property").[7] Glenwood was not a party to the agreement.[8] Nor was Lipp or Kane Title.[9] Instead, Glenwood was a party to an operating

---

[7] Second Amended Complaint [Dkt. 19], ¶¶ 6-8, 19.
[8] *Id.* ¶6-8, 19.
[9] *Id.*

agreement for 601 Rio LLC, in partnership with BHL.[10] According to Glenwood, as part of that operating agreement with BHL, Glenwood agreed to provide $3,000,000 in earnest money to finance the downpayment for the purchase of the Subject Property.[11] Lipp, individually, was not a party to that agreement either.[12]

Nonetheless, according to the Amended Complaint, on February 13, 2023, Schutze, owner of BHL, emailed Lipp, an escrow officer at Kane Title, regarding the potential purchase of the Subject Property.[13] The next day, Schutze sent Lipp a Texas Association of Realtors form property purchase agreement for the Subject Property and asked Lipp for his opinion on a provision regarding the release of a $3,000,000 downpayment.[14] Lipp responded that he agreed with Schutze's interpretation of the provision that the downpayment "would be released once the feasibility period ends or if the contract were to cancel."[15]

Glenwood asserts that it then wired $3,000,000 to Kane Title "in reasonable reliance based on the assurances contained in these emails."[16] But these emails contain no "assurances."[17] Lipp explained to Schutze and his partners at Glenwood, "The job or purpose of an escrow agent is to act as a neutral third party and not interpret the contract, but rather to follow the instructions of the contract."[18] But, even according to Glenwood's allegations, neither Lipp, Kane nor Kane Title were parties to any contract or even knew that any contract existed.[19]

After receiving an email from Schutze that the real estate purchase fell through, Schutze instructed

---

[10] *Id.,* ¶¶ 23-24.
[11] *Id.,* ¶25.
[12] *Id.*
[13] *Id.,* ¶26.
[14] *Id.,* ¶¶ 28-29.
[15] *Id.,* ¶ 31.
[16] *Id.,* ¶ 33.
[17] *Id.,* ¶¶ 26-31.
[18] *Id.,* ¶ 31.
[19] *Id.,* ¶¶ 26-31.

Lipp, as an escrow agent of Kane Title, to return the funds to an account number provided by Schutze, which Lipp purportedly did after being instructed to by Kane Title.[20] When Glenwood later requested the funds be returned to it, Glenwood was informed that the funds were earlier wired to its business partner BHL and its owner, Schutze.[21] Because Glenwood was unable to obtain the funds from BHL and Schutze voluntarily, it filed a lawsuit in the U.S. District Court for the Southern District of New York.[22] According to the Amended Complaint, Glenwood purportedly "resolved its claim with Schutze and BHL by way of settlement agreement, but Schutze and BHL have since breached that agreement as well."[23] Glenwood subsequently dismissed the New York lawsuit and filed this one.

### III.  ARGUMENT

#### A.  Pleading Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In ruling on a motion to dismiss, the court accepts as true a complaint's factual allegations, but "should identify and disregard conclusory allegations, for they are 'not entitled to the assumption of truth.'" *Sec. & Exch. Comm'n v. Mapp,* 4:16-CV-246, 2016 WL 5870576, at *3 (E.D. Tex. Oct. 7, 2016) (quoting *Iqbal*, 556 U.S. at 679).

#### A.  Glenwood's Claims Against Kane Should be Dismissed Because the Amended Complaint Fails to Plead Any Facts Whatsoever Related to Kane.

As an initial matter, Glenwood's claims against Lipp must be dismissed because Glenwood does not allege any facts of any kind related to Lipp acting in his individual capacity. Only as an

---

[20] *Id.,* ¶¶ 34-35.
[21] *Id.,* ¶ 41.
[22] *Id.,* ¶ 40.
[23] *Id.,* ¶¶ 42-44.

escrow officer of Kane Title. The Amended Complaint is completely devoid of any factual allegations or related misconduct by Lipp individually. All actions by Lipp alleged in the Amended Complaint are actions done by Lipp as an escrow officer of Kane Title. This falls far short of the requirement that the complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)).

Further, reference by a plaintiff to defendants collectively in a complaint fails to satisfy the pleading standards of Rule 8(a). *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *see also Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) ("When the plaintiff's complaint uses blanket terms covering all the defendants, by lumping them together . . ., these allegations are properly disregarded[.]"); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14- CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 471 (N.D. Tex. 2012) ("It is impermissible to make general allegations that lump all defendants together; rather, the complaint must segregate the alleged wrongdoing of one from another.").

Because the Amended Complaint fails to plead any facts or allegations related to Lipp individually, the claims against Lipp should be dismissed. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555.

### B. Glenwood's Breach of Contract/Implied Contract (Count 1) and Promissory Estoppel (Count 4) Allegations are Legally Insufficient as a Matter of Fact and Law.

Glenwood's breach of contract/implied contract claims fail because there is no contractual relationship between Glenwood and Kane, Kane Title or Lipp individually. No escrow agreement ever existed, and the Amended Complaint does not allege there was one (or any other form of

written agreement).

To avoid dismissal of its contract claims, Glenwood must plead each of the following elements: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). To prove the first element (that a valid contract exists), Glenwood must plead facts sufficient to establish that "(1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding." *Id*. Glenwood has not done so because it cannot do so.

It is undisputed that no written escrow agreement exists between Glenwood and Kane, Kane Title or Lipp individually. This alone is fatal to Glenwood's breach of contract claim. *See JTREO, Inc. v. Hightower & Associates, Inc.*, No. 03-19-00255-CV, 2020 WL 3468148, at *2 (Tex. App.—Austin June 18, 2020, pet. denied) (holding that a party was "not properly appointed escrow agent as a matter of law" where "there was no written escrow agreement"); *see also Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 287 (Tex. App.—El Paso 2007, pet. denied) ("An escrow agent must be appointed through a specific legal document that imparts a specific legal obligation").

Because no written escrow agreement exists, Glenwood asserts that an "implied contract" was created through emails exchanged between Glenwood, Schutze, and Lipp.[24] While an implied

---

[24] Amended Complaint [Dkt. 19], ¶¶ 45, 49-51.

contract may arise from the acts and conduct of the parties, there still must be a meeting of the minds. *JTREO*, 2020 WL 3468148, at *4. Here, the Amended Complaint makes the conclusory allegation that "[t]here existed a meeting of minds, proven by the herein copied emails, documenting under what terms the plaintiff would wire funds to the Kane defendants [sic]," and "[t]hat meeting of minds constituted an agreement among the parties that Plaintiff would wire the funds to the Kane Defendants, who would hold the funds and eventually return them to Plaintiff – not to Schutze or BHL."[25] But Glenwood pleads no facts to support any alleged meeting of the minds, and the emails included in the Amended Complaint do not reference—let alone cement— any terms for receiving, holding, or returning any of the disputed funds.[26] And there is no allegation of *any* communication between Glenwood and Lipp in his individual capacity in the Amended Complaint.

In sum, Glenwood has failed to plead facts sufficient to support an inference that a valid contract exists between Glenwood, on the one hand, and Lipp, Kane and/or Kane Title, on the other hand. Glenwood has failed to do so, because it admittedly cannot do so, because no such contract exists. Accordingly, the Court should dismiss Glenwood's claims for breach of contract/implied contract against Lipp.

Similarly, Glenwood's claim against Lipp based on promissory estoppel fail as a matter of law because Lipp never made any promise to Glenwood. To avoid dismissal of a claim for damages based on promissory estoppel, a party must plead facts that if taken as true show (1) a promise, (2) foreseeability by the promisor of reliance on the promise, and (3) substantial reliance by the promisee to his detriment. *Walker v. Walker*, 631 S.W.3d 259, 264 (Tex. App. 2020). Again, Glenwood does not and cannot plead that Lipp, in his individual capacity, made a promise to

---

[25] Amended Complaint [Dkt. 19], ¶¶ 45, 46.
[26] *See generally id.,* ¶¶ 26-31.

Glenwood.

Nowhere in Plaintiff's allegations does Plaintiff allege facts showing that Defendant Lipp made any promise to Plaintiff, much less that Kane or Kane Tile did so. As a result, Glenwood's claim against Lipp for promissory estoppel must be dismissed.

### C. Glenwood's Breach of Fiduciary Duty (Count 2) and Negligence (Count 3) Allegations are Legally Insufficient as a Matter of Fact and Law.

Glenwood's breach of fiduciary duty and negligence claims fail for many of the same reasons as its contract claims. No escrow agreement exists that creates or defines any purportedly owed duties;[27] nor has Glenwood adequately alleged that Lipp owed any duties as a result of a formal or informal fiduciary relationship with Glenwood.[28]

Under Texas law, the appointment of an escrow agent requires a written contract or, at the very least, a clear and definite agreement defining the scope of the escrow agent's duties. *See Trahan*, 247 S.W.3d at 287 ("an escrow agent's [fiduciary] duties are strictly limited and the scope of the agent's duties are defined by the escrow agreement"). Because Glenwood had no written agreement with Lipp, Kane or Kane Title, Lipp did not owe any fiduciary or other duties to Glenwood, as a matter of law. *See Chapman Children's Tr. v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 438 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("Absent a written agreement which appointed [defendant] as an escrow agent, [defendant] had no duty to act as one."); *see also JTREO*, 2020 WL 3468148, at *2 ("Because [defendant] was not a duly appointed escrow agent, it did not owe [plaintiff] any fiduciary duties as an escrow agent").

Because there is indisputably no formal fiduciary relationship, Glenwood asserts that an "informal fiduciary relationship" was created because the "Kane Defendants through their emails and

---

[27] *Id.,* ¶¶ 31-33.
[28] *See generally* Amended Complaint [Dkt. 19], ¶¶ 26-31.

assurances, acquired and subsequently abused and betrayed, the trust of Plaintiff."[29] But this conclusory allegation also fails under Rule 8. *See Iqbal*, 556 U.S. at 678 (although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The allegation is also contrary to Glenwood's pleaded facts as the Amended Complaint fails to provide a single instance of Lipp, or anyone else providing any "emails or assurances" to Glenwood at any time.[30]

Further, Glenwood fails to plead that it had a relationship with Lipp prior to the real estate transaction, a prerequisite to establishing an informal fiduciary duty. *See Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006) (holding that an informal fiduciary relationship in a business transaction requires that "the relationship must exist prior to, and apart from the agreement made the basis of the suit") (internal quotation omitted); *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) ("To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.") (quoting *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998)).

Even if Lipp owed a duty as an escrow agent (he did not), the duties would only be owed to the buyer or the seller in the underlying real estate contract, which Lipp is not a party to and would not transfer to Lipp in his individual capacity. Glenwood was neither the buyer nor the seller in the underlying real estate transaction. Instead, Glenwood allegedly had an ancillary agreement with BHL to provide earnest money for the real estate transaction that was independent of the contract between the buyer and seller. This ancillary agreement could not and did not create any duties owed from Lipp to Glenwood. *See Rove v. First Am. Title Ins. Co.*, No. 05-96-01783-CV, 1998 WL 696880, at *4 (Tex. App.— Dallas Oct. 8, 1998, no pet.) (finding no fiduciary duties

---

[29] Amended Complaint [Dkt. 19], ¶ 58.
[30] *See* Amended Complaint [Dkt. 19], ¶¶ 26-38.

Defendant Evan Lipp's Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)    Page 10 of 12

owed to an entity that was a party to an ancillary agreement with the buyer of an apartment complex to provide the earnest money); *see also Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 873 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (no duty owed to party that deposited funds in an escrow account where that party was not a party or third-party beneficiary of the escrow agreement).

In short, Glenwood has failed to plead facts sufficient to support an inference that Lipp owed any duty to Glenwood. Accordingly, the Court should dismiss Glenwood's claims for breach of fiduciary duty and negligence.

## IV.   CONCLUSION

For at least the foregoing reasons, Evan Lipp requests that the Court dismiss Glenwood's claims against Evan Lipp for breach of contract/implied contract, breach of fiduciary duty, negligence and promissory estoppel (Counts 1-4).[31]

DATED: November 15, 2024.                          Respectfully submitted,

**SHIELDS LEGAL GROUP**
*A Professional Corporation*

By: */s/ R. Brian Shields*
    R. Brian Shields
    State Bar No. 24056310
    bshields@shieldslegal.com
16400 Dallas Parkway, Suite 300
Dallas, Texas 75248
Tel: (972) 788-2040
Fax: (972) 692-7638

**ATTORNEYS FOR DEFENDANTS LIPP AND KANE TITLE**

---

[31] Glenwood's statutory fraud claims (Count 7) assert that they are "Against All Defendants." The allegations are that the "Schutze Defendants tricked Plaintiff into wiring $3,000,000.00 to the Kane Defendants" and that the "Schutze Defendants made such misrepresentations with the intent that the plaintiff act on it, and the plaintiff did in fact rely on it when wiring $3,000,000.00 to the Kane Defendants." Amended Complaint [Dkt. 19], ¶¶ 81-83. The allegations track Glenwood's other fraud claims against Schutze and BHL that are not asserted against Kane and Kane Title. To the extent Glenwood asserts that Count 7 is against Kane or Kane Title, Count 7 fails to satisfy the threshold pleading requirement and should be dismissed.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on November 15, 2024, all counsel of record were served with a copy of this document via the Court's electronic filing system.

By: /s/ R. Brian Shields
R. Brian Shields
